RECEIVED

AUG 1 4 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

WAYNE GORDON

Vs.

RICHARD STALDER,
VENETIA MICHAEL,
ANGIE HUFF,
BECKY MOSS,
SANDRA K. PARKER,
"JANE" TUCKER,
PAMELA HEARN,
DEBBIE SCRIBER;
A B C INSURANCE COMPANY, ET AL.

CIVIL ACTION NO. _____

5:06cv1389    SEC. P
JUDGE HICKS
MAG. JUDGE HORNSBY
_____

PETITION FOR TORT DAMAGES
JURY TRIAL DEMANDED

Preliminary Statement

This is a civil rights action, inter alia, filed by Wayne

Gordon, a state prisoner, for monetary damages, declaratory judgment, and injunctive relief under 42 U.S.C. § 1983, alleging denial of medical care in violation of the 8th Amendment to the U.S. Constitution and confinement at David Wade Correctional Center (DWCC) in violation of the Due Process Clause of the 14th Amendment of the Constitution. Moreover, plaintiff alleges the tort of deliberate indifference and negligence pertinent to imminent danger of serious physical injury.

## Jurisdiction

This court has jurisdiction over plaintiff's claims of violations of federal constitutional rights under 42 U.S.C. §§ 1331 (a) and 1343. Also, this court has supplemental jurisdiction over plaintiff's state law tort claims under 28 U.S.C. § 1367.

2

## Parties

Plaintiff Wayne Gordon was initially confined at Winn Correctional Center (WCC) when medical staff first alerted that he has been diagnosed with Hepatitis-B.[1] The plaintiff was housed at (DWCC) at all times relevant amid the ongoing events described in this suit.

Defendant Richard Stalder is secretary for Department of Corrections (DOC) and is in charge of supervision and discipline of all correctional staff at (DWCC), inter alias. He is a state official-actor and is sued in his individual, official, personal and/or private capacity; not in capacity as state official.

---

1. This suit is not filed against (WCC) medical staff whom actually condoned the violation whereas it is now likely the time period "may" have expired against (WCC), yet, plaintiff presumes it is imperative to expound infra -the facts- to demonstrate the persistent cognizable atrocities.

3

Defendant Venetia Michael is warden for (DWCC) and is responsible for reviewing all administrative invocations (specifically, # ARP-DWCC-04-0511) filed by (DWCC) inmates. She is a state official-actor and is sued in the same capacity revealed supra with Defendant Stalder.

Defendant Angie Huff is assistant warden of treatment at (DWCC) and is in charge of transportation of prisoners to medical appointments and medical facilities pursuant to R.S. 15:760 and R.S. 15:831. She is a state official-actor and is sued in the same capacity as defendants Stalder and Michael.

Defendant Becky Moss is screening officer at (DWCC) and is responsible for screening grievances pursuant to R.S. 15:1172.B. She is a state official-actor and is sued in the same capacity as defendants Stalder, Michael; and Huff.

Defendants Sandra K. Parker and Pamela Hearn are (DOC)

4

physicians at (DWCC) and they are generally responsible for ensuring proper and adequate medical evaluations, diagnosis and treatment to prisoners in compliance with R.S. 15: 760, R.S. 15: 831, R.S. 37: 1261, R.S. 37: 1285. A. (11) (12) (13) (14) (15) (16) (17) (20) (21) (30) (31), R.S. 37: 1301. A. (2)(4); R.S. 37: 1360. 33. (7), inter alia, meaning, any legitimate title, chapter or statute inadvertently omitted herein. They are state officials - actors and are sued in their individual, official, personal and/or private capacities; not in capacity as state officials.

Defendant "Jane" Tucker is the medical administrator and physician at (DWCC) and is generally responsible for ensuring the provisions of medical care to prisoners in compliance with the same titles, chapters or statutes cited supra herein. She is a state official-actor and is sued in the same capacity as defendants Parker and Hearn.

5

Defendant Debbie Scriber is first step respondent to complaint # ARP-DWCC-04-0511 and is in charge of or responsible for unveiling accurate medical information. She is a state official-actor and is sued in her individual, official, personal and/or private capacity; not in capacity as state official.

Defendants' ABC Insurance Company is the insurer for (DOC) and (DWCC), and is generally responsible for ensuring to pay any; all claims for damages under R.S.22:655 with which the defendants may be legally liable because of any wrongful acts perpetrated by its employees. The insurer is deemed state official-actor and is sued in the very same capacity, inter alia, as defendants hereinabove.

All defendants have persistently acted and continue to act under color of state law at all times relevant to this

6

suit.

Exhaustion of Remedies

Plaintiff filed a grievance on April 27, 2004 with which defendants backlogged as exemplified in case docket # 5:04-CV-2130 Section P, where Honorable S. Maurice Hicks, Jr. entered judgment (Dismissed Without Prejudice) on October 24th, 2005 and thereafter notified plaintiff on November 3rd, 2005. Plaintiff's remedies were exhausted on August 16th, 2005, yet notified by defendants on September 8th, 2005.

Facts

Elucidating footnote #1 supra, at the inception, presumptively between the years 1999 - 2001 medical charts buttressed plaintiff have been diagnosed with Hepatitis - B while housed over at (WCC), Winnfield Louisiana - the identity of said doctors/nurses staff at (WCC) are not cited

7

herein for reasons mentioned in footnote #1 supra, only (DWCC) staff are the accused defendants at Homer Louisiana.

Yet, amid the era of 1999 - 2001 at some point medical staff at (WCC) persistently informed plaintiff that he acquired hepatitis. Initially, amid their persistent exemplification of hepatitis plaintiff did not seek treatment for said illness assuming treatment was inevitable. But as time elapsed plaintiff decided to seek treatment whereas (WCC) staff advised its facility is not equipped to treat such illness. While continuing to seek treatment (WCC) staff then verbally changed their diagnosis and alleged they inadvertently formulated its opinion of said illness In spite of the fact it was likely plaintiff acquired hepatitis based on his allegation.[2]

---

2. Plaintiff avers evidence in a jury trial would affirmatively exemplify medial staff became repulsive and morphed its preceding diagnosis simply because plaintiff's indigent status and such treatment being expensive.

Thereafter, due to plaintiff's myriad complaint of said illness, inter alia, on January 28, 2002 he was moved from (WCC) to (DWCC) and housed in administrative extended lockdown.[3] Subsequently, on or amid February 6, 2004 through February 11, 2004, suddenly a persistent and excruciating inflammatory abdomen, side and back pain ensued with which also resulted fever. Yet, by not knowing the actual cause of pain, on February 11, 2004 plaintiff consulted medical staff surmising pains were caused from lack of calisthenics. Ibuprofen - 600 were prescribed/dispensed but were to no avail. Thereafter, on February 19, 2004 plaintiff consulted medical staff explaining the Ibuprofen - 600 has not relieved

---

3. Louisiana State Penitentiary (LSP) and Elayn Hunt Correctional Center (EHCC) are the only two cognized prisons equipped and with which generally treats inmates with said illness, and both has administrative extended lockdown compounds.

9

any pain. About February 24, 2004 plaintiff was examined with the naked-eye by Defendant Parker where he explained ibuprofen has not reduced the inflammatory pains and thereby exemplified how he acquired the illness but she (Dr. Parker) concluded and ensured said pain has nothing to do with hepatitis ( a purported examination implying surreptitiousness deceit), and based on the alleged examination Defendant Parker changed the medicine from ibuprofen- 600 to ibuprofen- 400 and muscle relaxers. Although the medicine were to no avail, yet, upon its expiration, on March 19, 2004 plaintiff sought a refill. The medicine was again changed to ibuprofen -800. Somewhat simultaneously, on March 3, 2004 plaintiff submitted a letter to Defendant Parker in an attempt to determine whether said pain is caused by prostate cancer because she at one point ensured hepatitis did not exist, and plaintiff also advised the ibuprofen-800 has not really helped in relieving pain.

10

On March 27, 2004 Defendant Parker responded ensuring prostate cancer did not exist (a conclusion made without examination) failing to expound (evading) on the subject of hepatitis in spite of plaintiff's letter preamble hepatitis crux. On April 3, 2004 a letter was re-submitted to Defendant Parker with which depicted his presumption why hepatitis exists and requested to be properly treated. For unknown and abstrue reasons, Defendant Parker failed to respond. Subsequently, on April 27, 2004 plaintiff filed his grievance as to denial of medical treatment. On April 28, 2004 Defendant Moss acknowledged the reception of complaint (#ARP-DWCC-04-0511) yet implied the ARP cannot be entertained until the approximate date of February 2006.[4] Plaintiff then sought

---

4. Had plaintiff not filed suit bearing docket #5:04-CV-2130 which was dismissed October 24, 2005, the ARP first step is likely to be entertained on February 2006. Due to filing suit defendants exhausted plaintiff's remedies on August 16, 2005.

11

treatment again on May 26, 2004 explaining his illness to some-one identified as Nurse Jeffery. Nurse Jeffery exemplified plaintiff must be moved to (EHCC) for treatment and thereby referred plaintiff to be interviewed by Defendant Tucker. As plaintiff was not seen by Defendant Tucker within 5-days, thus, on May 31, 2004 plaintiff sought emergency treatment whereby Nurse Odom suggested plaintiff stop taking Tylenol for fever and she would schedule him to see Dr. Tucker as to the illness. Amid this point plaintiff is interviewed by Defendant Tucker on a date between May 31, 2004 and June 14, 2004 (date inadvertently not listed by plaintiff). Yet, amid such era Defendant Tucker also ensured that hepatitis did not exist. Plaintiff again expounded why the illness in fact exists and the reason medical treatment were being de-prived from the inception of his complaint, and the reason said deprivation persists. Yet, Defendant Tucker's interview were not helpful and "again" changed ibuprofen-600 in which

12

did nothing for pain. Hence, on June 16, 2004 plaintiff sought treatment but was not seen by medical staff allegedly due to Sgt. Ricky Andrews' inadvertence, misplacing plaintiff's sick call request. On June 17, 2004 treatment was sought again where Defendant Hearn examined plaintiff via the naked-eye on June 21, 2004 whom thereafter prescribed a calisthenic program document to combat hepatitis.

Moreover, medical care were sought June 28, 2004, and on July 1, 2004 he was taken to see Defendant Parker once again whose demeanor appeared perplexed due to plaintiff's myriad complaints of hepatitis. Defendant Parker advised she will not change the ibuprofen to any other medicine as the illness do not exist based upon her findings (via naked-eye examination).

Finally plaintiff filed suit on or about October 15, 2004 seeking approximate damage demand $360,000 assigned to

13

Honorable S. Maurice Hicks. Amid the pendency of said suit (No. 5: 04-CV-2130-P) where administrative remedies was not exhausted, on July 14, 2005 Defendant Scriber has given contradictory information to what has been given by other defendants, plus she has surreptitiously given false information in an attempt to decimate plaintiff's suit (claims). [5] Yet, on January 30, 2006 plaintiff submitted a letter to Defendant Hearn requesting medication of Monotherapy and/or Interferon for his illness exemplifying his method via letter form is not to divulge evidence of his illness to prison authorities as well as inmates. In response to said letter, on March 27, 2006 plaintiff was deemed "add-on inmate." to visit Defendant Hearn along with inmate James Antwine #97594. Amid the interview Defendant Hearn acknowledged reading plaintiff's letter and informed plaintiff that the staff only afford Monotherapy and/or Interferon to caucasian in-

---

5. Defendant Scriber was not initially named in the dismissed suit, but is now a defendant in this present suit as to her morbid interest.

14

mates having hepatitis. Plaintiff explained should this be so, it appears white inmates are receiving preferential medical treatment over black inmates. Defendant Hearn informed plaintiff that he may characterize her statement as he pleases, but that's how it operates in the system, and thereafter dismissed plaintiff to return to his housing unit. On May 15, 2006 the plaintiff were impromptu "added-on callout" again to visit Defendant Hearn where for unknown reasons, she impromptu explains that Richard Durr (a caucasian inmate) is presently being treated for hepatitis.

## Misuse of Authority

On February 11, 2004 through the present date of filing suit, and thereafter, the defendants' subterfuge via surreptitiously denying medical care has exacerbated the plaintiff's conditions, sine qua non, thereby committing acts of moral turpitude in spite of said invocations relating

15

to imminent danger having no cure, yet can be treated to extend life. Thus, all defendants has been placed on notice as to their morbid abusive behaviors, conduct and actions.

Impromptu, all defendants were conspiring to stymie medical care and collectively condoned their actions which is responsible for ad damnum.

Amid these events, and thereafter, the defendants failed to take corrective measures to stop said actions as required.

After the above described morbid abusive conduct plaintiff still have not been examined and treated properly and there has been no true investigation launched.

Moreover, without warnings, ever since January 28, 2002 defendants knew and thereby subjected plaintiff to the wrongful eerie (DWCC) under the conditions described herein.

A B C Insurance Company and its liability insurer has failed to correct the feasible deprivations and onus described herein.

Denial of Due Process

From the inception plaintiff submits that the elementary principles of cruel and unusual punishment clause of the 8th Amendment establish the government's obligation to provide medical care for those whom it is punishing by incarceration. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Prison official's knowledge of deliberate indifference to prisoner's serious medical needs may be established by circumstantial evidence. Boyd v. Knox, 47 F. 3d 966 (8th Cir. 1995). And, serious medical need in fact exists for physical illnesses. Domino v. Texas Dept. of Criminal Justice, 239 F. 3d 752 (5th Cir. 2001). Moreover, prison officials violates 8th Amendment by being

17

deliberately indifferent either to prisoner's existing serious medical needs or to conditions posing substantial risk of serious future harm. <u>Weaver v. Clarke</u>, 45 F.3d 1258 (8th Cir. 1995); <u>Harris v. Coweta County</u>, 21 F.3d 388 (11th Cir. 1994).

Prior to February 11, 2004 and amid February 14th, through the present date herein and at all times relevant as to the events described in this suit the defendants discriminated and demonstrated deliberate indifference when they collectively stymied, refused and failed to properly provide the required treatment for said illness, with which is contrary to Louisiana Constitution of 1974, Art. 1, § 2, R.S. 15: 760, R.S. 15: 831, R.S. 37: 1261, R.S. 37: 1270. A. (3) B. (4) (5), R.S. 37: 1285. A. (11) (12) (13) (14) (15) (16) (17) (20) (21) (30) (31), R.S. 37: 1301. A. (2) (4), R.S. 37: 1360. 33. (7), R.S. 37: 1360. 34. (3) (5) (6), inter alia, legitimate titles, chapters or statutes inadvertently omitted and/or not cited

18

herein.

Defendants Parker, Tucker and Hearn stated and has demonstrated plaintiff will not be treated for hepatitis as they alleges the illness do not exist despite the fact Defendant Scriber subsequently unveiled plaintiff have said illness. Defendant Hearn has also demonstrated such treatment is afforded and dispensed to a particular class or race. Plaintiff thereby exemplified with reliable information suggesting the symptoms of said illness has advanced due to defendants' absurd exacerbations and prevarications.

Defendants Stalder, Michael, Huff and Moss collectively conspired in failing to properly address and entertain the medical complaint when they stymied, postponed or backlogged a matter which poses substantial risk of serious future harm.

Pursuant to prison procedure, decorum, inter alia, the

19

plaintiff properly sought medical care, thus, prison officials are not immune from liabilities for official acts when motivated by malicious intent to deprive prisoners of constitutional rights. <u>Procunier v. Navarette</u>, 434 U.S. 555, 98 S. Ct. 855, 55 L. Ed. 2d 24 (1978).

## Claim for Relief

The tort actions of Defendants Stalder, Michael, Huff and Moss, the conspiracy in committing discriminatory acts which exacerbated plaintiff's conditions were done maliciously and sadistically, and constituted cruel and unusual punishment violating the 8th Amendment and constituted denial of due process (equal protection) in violation of the 14th Amendment of the United States Constitution.

The failure and inertness of all defendants to render treatment and to acknowledge plaintiff's illness constitutes the tort of negligence, inter alia.

The tort actions of Defendants Parker, Tucker and Hearn conspiring with failure and inertness to acknowledge and provide medical care with which exacerbated plaintiff's conditions were done maliciously and sadistically, and constituted deliberate indifference violating the 8th Amendment to the United States Constitution; constituting cruel and unusual punishment; including violations of statutes cited at page 18 herein above.

The tort actions of Defendant Scriber surreptitiously conspiring by presenting false information which simultaneously divulged the illness exists were done maliciously and sadistically; constituting deliberate indifference violating the 8th Amendment; constituting cruel and unusual punishment, inter alia, at page 18 herein.

The tort actions of all defendants in conspiracy with the aforementioned described due process violations constituted deliberate indifference, inter alia.

21

The tort actions of all defendant for said morbid and malicious conduct - in spite of their knowledge of the above described due process violations - constituted denial of due process of law in violation of the United States Constitution.

The tort actions of defendants' insurer - ABC Insurance Company pursuant to R.S. 22:655 - failure and inertness to correct said defendants, inter alios; inter alia, were done maliciously, sadistically and negligently constituting deliberate indifference.

All defendants' concerted actions described herein resulted solely under color of state law constituting negligence, maliciously, wanton, surreptitiousness, carelessness, deliberate indifference, inter alia, in the course and purview of their employment.

At all times relevant mentioned, there exists a valid

22

and outstanding insurance policy issued by the insurer, in favor of all defendants named herein, inter alios, by which said insurance company has undertaken to satisfy and pay any and all claims for damages for which the defendants may be legally liable because of any onus and wrongful acts perpetrated by its employees. As a consequence of the events set forth within this suit, plaintiff has a direct right of action pursuant to R.S. 22:655 against said ABC Insurance Company as the insurer of all defendants herein.

Relief Requested

WHEREFORE, plaintiff requests that after due proceedings had, that there be judgment in favor of Wayne Gordon, and against all named defendants, inter alios, through Department of Corrections, through State of Louisiana, through David Wade Correctional Center, through ABC In-

23

surance Company, all corporations authorized to do and doing business in the State of Louisiana, ex abundanti cautela, in their individual, official, personal and/or private capacities; not in capacity as state officials, be duly cited to appear and answer this suit; that they be served with copies through their attorneys thereof, holding them liable jointly severally and in solido for such full sum described infra as the Jury and Court shall deem reasonable and proper, together with legal interest thereon, from judicial demand until paid, plus all costs of these proceedings, and for such further and other legal and equitable relief as the Jury and Court shall deem necessary and proper.

Moreover, plaintiff requests the Court grant the following relief:

Appoint counsel to represent plaintiff because medical testimony, issues,

24

inter alia, are complicated and complexed for pro se litigants, generally.

Issue a declaratory judgment stating that:

(1) The morbid abusive behaviors (moral turpitude) subjected upon plaintiff has violated his rights under the 8th Amendment to the United States Constitution and constituted a tort under federal and state law; including, malfeasance in office, inter alia, under state law.

(2) Defendants Stalder, Michael, Huff and Moss' failure and inertness to take action to curb and stymie the atrocities subjected upon plaintiff violated his rights under the 8th Amendment to the United States Constitution and constituted cruel and unusual punishment; conspiracy under federal and state law.

25

(3) Defendants Parker, Tucker, Hearn and Scriber's actions conspiring to deprive medical care to plaintiff's illness, and Defendants Stalder, Michael, Huff and Moss' actions in cahoots with sustaining said deprivation by evading - demurring the grievance violated plaintiff's rights under Due Process Clause of the 8th and 14th Amendments to the United States Constitution.

Issue an injunction ordering defendants Stalder, Michael, Huff, Moss or their agents to:

(1) Immediately codify for the plaintiff to obtain and/or be treated by qualified physicians;

(2) Immediately codify for the plaintiff to obtain the required treatment and any other follow-up medical treatment to be evaluated by a medical practioner with exper-

26

tise in the treatment and lifesaving method;

(3) Carry out forthwith the treatment directed by such medical practioners.

Issue an injunction ordering Defendant Stalder to:

(1) Release plaintiff from (DWCC) punitive situation and place or transfer him to (EHCC) to obtain medical treatment for said illness.

Award compensatory damages in the following amounts:

(1) $200,000 jointly and severally against Defendants Parker, Tucker, Hearn and Scriber for the physical, emotional, inter alia, injuries resulting from their failure and inertness to provide adequate medical care to plaintiff.

(2) $100,000 jointly and severally against Defendants Stalder, Michael,

27

Huff and Moss for the physical and emotional injuries sustained as a result from their denial of due process in connection with the plaintiff's grievance proceedings.

Award punitive damages in the following amounts:

(1) $50,000 each against Defendants Stalder, Michael, Huff and Moss;

(2) $20,000 each against Defendants Parker, Tucker, Hearn and Scriber.

Issue an injunction ordering Defendant ABC Insurance Company or their agents to:

Act in compliance with R.S.22: 655 in its entirety.

Grant any such other relief as it may appear and

28

buttress that plaintiff is entitled.

Respectfully submitted,

Wayne Gordon
Wayne Gordon #95912
670 Bell Hill Road
Homer, LA 71040

Please Serve Defendants :

Richard Stalder, Secretary, Department of Corrections, P.O. Box 94304, Baton Rouge, LA 70804 ;

Venetia Michael, Warden, Angie Huff, Deputy Warden of Treatment, Becky Moss, Warden's Designee Screening Officer, Sandra Parker, DOC Physician, "Jane" Tucker, DOC Physician, Pamela Hearn, DOC Physician, Debbie Scriber, Medical Respondent, David Wade Correctional Center, 670 Bell Hill Road, Homer, LA 71040;

A B C Insurance Company - address unavailable .