UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| WAYNE GORDON | CIVIL ACTION NO. 06-cv-1389 |
| VERSUS | JUDGE HICKS |
| RICHARD STALDER, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Wayne Gordon ("Plaintiff") is a former inmate at the David Wade Correctional Center ("DWCC"). Before Plaintiff was released from prison, he filed this civil action against several corrections officials based on allegations that he did not receive proper medical treatment for Hepatitis B. Defendants filed a motion to dismiss that raised a number of defenses. The court granted the motion in part. Doc. 48. The remaining claims are Eighth Amendment and state law claims against Dr. Pamela Hearn, Dr. Sandra Parker, and Nurse Linda Tucker.

Dr. Hearn and Nurse Tucker have filed a Motion for Summary Judgment (Doc. 57), and Plaintiff has responded with a Cross-Motion for Summary Judgment (Doc. 62) that also serves as opposition to the defense motion. Dr. Parker has not been served or made an appearance in this case, but movants ask on her behalf that the claims against her be dismissed for failure of Plaintiff to provide service information as ordered by the court. It

is recommended, for the reasons that follow, that Plaintiff's motion be denied, Defendants' motion be granted, and that all claims remaining in this case be dismissed.

**Summary Judgment Standard**

Summary judgment is proper when the movant can demonstrate that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. All facts and inferences must be construed in the light most favorable to the non-movant. Kirschbaum v. Reliant Energy, Inc., 526 F.3d 243, 248 (5th Cir. 2008). But where the non-moving party fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, no genuine issue of material fact can exist. McLaurin v. Noble Drilling (US) Inc., 529 F.3d 285, 288 (5th Cir. 2008).

**Summary Judgment Record**

Defendants, in support of their motion, have filed affidavits from Dr. Hearn and Nurse Tucker, both of which are accompanied by copies of relevant medical records. The affidavit testimony and medical records are competent summary judgment evidence that the court may consider in assessing the motions. Affidavits are specifically admissible under Fed. R. Civ. Proc. 56, and medical records are frequently considered on summary judgment in assessing prisoner complaints regarding medical care. See, e.g., Gobert v. Caldwell, 463 F.3d 339, 347 n. 23 (5th Cir. 2006) ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.").

Plaintiff has not submitted any affidavits or other competent summary judgment evidence to contest the evidence submitted by Defendants. Plaintiff repeats some of his allegations in his memorandum, but only evidence – not argument, not facts in the complaint – will satisfy Plaintiff's summary judgment burden. <u>Solo Serve Corp. v. Westowne Associates</u>, 929 F.2d 160, 164 (5th Cir. 1991). Plaintiff's memorandum includes general references to "previous medical records on file" in this case, but Plaintiff does not point to any particular medical entries that would support his motion or undermine the defense motion. And it is not the duty of the court to sift through the record in search of evidence to support a party's opposition to summary judgment. <u>Malacara v. Garber</u>, 353 F.3d. 393, 405 (5th Cir. 2003).

The facts set forth below are a summary of those represented by the competent summary judgment evidence. Dr. Hearn, who has been a physician for 23 years, testifies that she has been employed at DWCC for approximately 21 years and has been the Medical Director since 2000. She has reviewed Plaintiff's medical records with regard to his allegations that he tested positive for Hepatitis B in 1999 while incarcerated at Winn Correctional Center and that in 2004 medical personnel at DWCC denied proper medical treatment for Hepatitis B.

Dr. Hearn testifies that medical records show that a sample was collected in 1999 for testing by the LSU Medical Center. The lab result for liver enzymes AST was 29, which was within the normal range of 20 to 57. The liver enzymes ALT were at 45, well within the

normal range of 21 to 72.  The test also indicated as follows: (1) Hepatitis B Surface Antigen - negative; (2) Hepatitis B Surface Antibody - positive; (3) Hepatitis B Core Ab, Total - negative; (4) Hepatitis B Core AB IgM - negative; (5) Hepatitis A Antibody IgM - negative; and (6) Hepatitis C Antibody - negative.

Dr. Hearn testifies that the lab result indicating negative for Hepatitis B surface antigen and core antibodies show that Plaintiff did not have chronic Hepatitis B of long-standing duration, and the normal liver enzyme levels indicated that there was no acute condition of recent onset that was affecting the liver.  Dr. Hearn testifies that the positive result for Hepatitis B surface antibody did not mean that Plaintiff had chronic or active Hepatitis B.  That positive indicated that Plaintiff had been exposed to or vaccinated for Hepatitis B in the past.  There is no medical treatment for having a positive test result for that factor, and the presence of the surface antibody will actually help fight against a future infection of Hepatitis B.  Dr. Hearn testifies, in summary, that Plaintiff "**did not** test positive for Hepatitis B in 1999."

Dr. Hearn also summarizes Plaintiff's medical history at DWCC related to his alleged Hepatitis problem.  The record shows that Dr. Parker examined Plaintiff in February 2004 for complaints of mid-back pain.  Dr. Parker examined Plaintiff, adjusted his medications, and counseled him on stretching exercises.  Her notes also indicate that she counseled Plaintiff on the results of his Hepatitis testing and explained that the positive result for the surface antibody indicated only a history of exposure or vaccination.

A sample was collected from Plaintiff in March 2004 for testing at LSU Medical Center. The liver enzymes were at 26 and 31, well within normal levels. Plaintiff complained of abdomen and liver pain in June 2004, and Dr. Parker examined him. She again discussed with Plaintiff the meaning of his 1999 test results, told Plaintiff that he was not a chronic carrier of Hepatitis B, and offered repeat Hepatitis testing. Plaintiff declined the test.

Despite Plaintiff declining the repeat testing, the records show that a sample was collected a few days later for testing at the hospital. The liver enzyme numbers were 32 and 40, once again within the normal range. Dr. Parker examined Plaintiff in July 2004 to follow up on Plaintiff's complaints of abdomen and back pain. Dr. Parker again explained Hepatitis B exposure versus immunization. Medical records show that Plaintiff mentioned then, for the first time, that he once had a job at a plasma center where he accidentally stuck himself with needles, but Plaintiff had no recollection of immunization.

Dr. Hearn also responds to an allegation by Plaintiff that she prescribed calisthenics for Hepatitis B. Dr. Hearn points to her records from the June 21, 2004 evaluation in which such a prescription allegedly occurred. The notes indicate an evaluation for complaints of back/stomach/abdomen pain. There is a reference to back exercises among the notes, but Dr. Hearn testifies that she did not prescribe exercises for Hepatitis B during that evaluation or on any date. She also denies that Plaintiff even made mention of Hepatitis B during that examination.

Dr. Hearn concludes that there is nothing in Plaintiff's records to support his claim that he was denied proper treatment for Hepatitis B because Plaintiff did not test positive for acute or chronic Hepatitis B. Linda Tucker, R.N., offers an affidavit that also reviews the relevant medical records and denies that she refused to provide proper treatment. Nurse Tucker testifies that Plaintiff "apparently believes that he has Hepatitis B, but his medical test results confirm that he does not have that condition."

**Analysis of Medical Claims**

For a convicted prisoner or pretrial detainee to prevail on a claim that his medical care (or lack of care) violated the Constitution, he must prove that prison or jail officials were "deliberately indifferent" to his "serious medical needs." Estelle v. Gamble, 97 S.Ct. 285, 291 (1976); Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996) (en banc). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Estelle, 97 S.Ct. at 291-92. Disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a constitutional claim for indifference to medical needs. Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997). Plaintiff also asserts claims under state law, which requires that the Department of Corrections provide reasonable services for the medical needs of inmates. Cole v. Acadia Parish Sheriff's Department, ___ So. 2d ___, 2008 WL 4791637, *3 (La. App. 3d Cir. 2008).

The summary judgment evidence offered by the defense squarely defeats Plaintiff's assertion that any defendant was deliberately indifferent to his serious medical needs or did

not provide him the reasonable medical care required by state law. The evidence is all to the effect that Plaintiff does not have a medical diagnosis for Hepatitis B that requires any treatment. Plaintiff has offered no competing summary judgment evidence. He did file a Statement of Disputed Facts pursuant to Local Rule 56.2. The closest he comes therein to contesting the evidence viewed above was his statement that his medical care claims "are based upon assertions in which are confirmed via medical records and the defendants' subterfuge." That general assertion, which is not submitted in the form of competent summary judgment evidence, is woefully insufficient to create a genuine issue of material fact and require a trial. Dr. Hearn and Nurse Tucker are entitled to summary judgment.

**Dr. Parker**

Dr. Parker did not join the motion for summary judgment, and she has not appeared in the suit. An effort by the Marshal to serve Parker with a summons provided by Plaintiff was returned with a notation that she no longer works at DWCC. Doc. 28. In December 2007, Plaintiff was directed to submit current service information for Dr. Parker by January 18, 2008 or the claims against Dr. Parker would be subject to dismissal. Doc. 43, p. 10, n. 1. Plaintiff has not offered service information, but he contends in his motion that the other defendants have "surreptitiously known" that Dr. Parker is now at the DWCC-related facility known as Forcht Wade Correctional Center. Defense counsel responded in a memorandum (Doc. 64) that she has personally checked with Forcht Wade administration

with regard to the employment status of Dr. Parker and been told that Parker was last employed at Forcht Wade in April 2005.

The court will often allow a prisoner to conduct discovery or other investigation in an attempt to learn the current address of a former state employee, but there is no need to do so in this case. Plaintiff, who was long ago released from prison, has made no discernible effort to comply with the previous instruction that he provide an address for Dr. Parker. More important, the uncontested summary judgment evidence shows that there is no basis for a claim against Dr. Parker. It is recommended that the court, *sua sponte*, grant summary judgment for Dr. Parker and dismiss all claims against her. Such action is permitted if the court first gives the adverse party the 10-day notice and opportunity required by Fed. R. Civ. P. 56(c). Judwin Properties, Inc. v. U.S. Fire Ins. Co., 973 F.2d 432, 436-37 (5th Cir. 1992). The 10-day opportunity to object to this Report and Recommendation will satisfy that procedural requirement.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's Cross-Motion for Summary Judgment (Doc. 62) be **denied**, that the Motion for Summary Judgment (Doc. 57) filed by Dr. Pamela Hearn and Nurse Jane Tucker be **granted** so that all claims against them are dismissed with prejudice, and that the court *sua sponte* **grant** summary judgment in favor of Dr. Sandra Parker and **dismiss with prejudice** all claims against her.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of December, 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE